UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MISTY WALLACE-BARNES,           )
                                )
       Plaintiff,               )
                                )
v.                              )        CV424-087
                                )
FRANK BISIGNANO,                )
                                )
       Defendant.               )

## REPORT AND RECOMMENDATION

Plaintiff Misty Wallace-Barnes seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

**I.   GOVERNING STANDARDS**

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Administrative Law Judge ("ALJ") applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is

2

"severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide

3

whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. BACKGROUND

Wallace-Barnes, born on May 6, 1978, applied for DIB in July 2019 alleging disability beginning January 15, 2019, due to inflammatory myopathy, rheumatoid arthritis, post-traumatic stress disorder (PTSD), depression, and anxiety. Tr. 177-81, 236. She has a high school and some college education and past relevant work as a teacher's assistant. Tr. 237-38, 684. After a hearing, an ALJ found Wallace-Barnes not disabled, and the appeals council denied review. Tr. 1-27. She filed suit in this Court, which remanded the case for further proceedings. Tr. 731-744; *see also Wallace-Barnes v. Kijakazi*, CV422-017, doc. 16 (S.D. Ga. Mar. 20, 2023).

On remand, the ALJ conducted another hearing, tr. 693-721, and again issued an unfavorable decision, tr. 670-692. The ALJ found Wallace-Barnes' inflammatory myopathy, right shoulder degenerative joint disease, major depressive disorder, generalized anxiety disorder, PTSD, and obesity to be severe impairments, tr. 675-76, but determined

4

they did not meet or medically equal a Listing, tr. 676-78. The ALJ then found that Wallace-Barnes retained the RFC to perform less than the full range of sedentary work, with the following additional limitations:

> The claimant can push and pull up to 10 pounds occasionally. She can stand and walk up to four hours out of an eight-hour workday, and she can sit up to six hours out of an eight-hour workday with normal breaks. The claimant would need a cane to ambulate to and from the work area. Occasionally, the claimant can climb stairs and ramps, but not ladders. Frequently, she can balance. Occasionally, she can stoop, kneel, crouch, and crawl. She would need to avoid concentrated exposure to wetness and vibration. The claimant could not work at unprotected heights or around other hazards. Frequently, she can handle, finger, and feel. Her work should be limited to simple, routine work. The claimant's work should involve simple, work-related decisions with few, if any, workplace changes. Occasionally, the claimant could handle interaction with co-workers, supervisors, and the public.

Tr. 678-84. The ALJ determined that Wallace-Barnes could not perform her past relevant work as a teacher's assistant, tr. 684, but found that there are jobs that exist in significant numbers in the national economy that she could perform, tr. 684-85. Therefore, she was found to be not disabled. Tr. 685.

Wallace-Barnes filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1; *see also* 42 U.S.C. § 405(g). The parties have submitted their briefs, docs. 9, 11 & 12, and the matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

## III. ANALYSIS

Wallace-Barnes first argues the ALJ failed to properly consider her evidence of the impacts of the side effects of her medications on her ability to work. Doc. 9 at 6-12. She points to her testimony from both her original hearing and the hearing held on remand, and her complaints made during her consultative examinations, about the side effects of medications. *Id.* at 7-11. As Wallace-Barne acknowledges, *id.* at 11, the ALJ stated the following in his decision:

> The claimant purported that she has significant limitations, including drowsiness, due to side effects of her medication. [Tr. 735, 737]. The record does document several complaints and testimony that she has side effects of her medication. However, when asked specifically about her medication regimen, the claimant has failed to mention side effects from her medication. [Tr. 893]. Moreover, medical records submitted since the prior hearing do not document complaints of medication side effects. [Tr. 885-86, 904-73]. When the claimant has had the opportunity to complaint

6

>about medication side effects, she has failed to do so. This strongly suggests that the side effects are not as significant as alleged in connection with this claim.

Tr. 679; *see also* tr. 680 (referencing a function report where claimant reported drowsiness from medication). Wallace-Barnes argues this conclusion is erroneous, since "those complaints were in fact made and reflected in the medical record." Doc. 9 at 11-12.

As an initial matter, this case is distinguishable from cases where remand is warranted because the ALJ failed to address a claimant's complaints of medication side effects. As in *Rogers v. Colvin*, 2015 WL 4507047, at *4 (S.D. Ga. July 23, 2015), the ALJ's explicit reference to Wallace-Barnes' testimony about her medication side effects shows the ALJ considered the issue. This case is unlike those relied on by Plaintiff, doc. 9 at 6-7, where remand was warranted for the ALJ's failure to consider medication side effects at all. *See, e.g.*, *McDevitt v. Comm'r of Soc. Sec.*, 241 F. App'x 615, 619 (11th Cir. 2007) (ALJ inaccurately stated the record, and failed to address claimant's testimony that medication caused extreme lack of concentration and sleepiness). Remand is not warranted based on any perceived failure to

7

"conduct an evaluation of possible side effects of medication." Doc. 9 at 6 (quoting *McDevitt*, 241 F. App'x at 619) (internal quotations omitted).

Instead of a complete failure to address the issue, Wallace-Barnes argues the ALJ improperly addressed the issue because he inappropriately discounted her subjective complaints and testimony about the side effects of her medications based on incorrect facts. Doc. 9 at 11-12. When a claimant provides testimony concerning her subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the record shows the claimant has a medically determinable impairment that could reasonably be expected to produce [his] symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and her doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F.

App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225.

In assessing Wallace-Barnes' subjective testimony about the side effects caused by her medication, the ALJ acknowledged "several complaints and testimony" in the record, but discounted those complaints because, when asked specifically about her medication regimen, she "failed to mention side effects." Tr. 679. To support this finding, he identifies Wallace-Barnes' consultative psychological evaluation with Dr. William Corey. *Id.* (citing tr. 893). In the referenced report, Wallace-Barnes' medications are discussed, with a comment that two current medications are "helpful," but no side effects are discussed. Tr. 893. Wallace-Barnes argues that Dr. Corey's report was incomplete, because he did not include any notating regarding her complaints during the exam about her medication side effects. Doc. 9 at 11 n. 1. She therefore submitted an affidavit to correct the record, which includes her complaints about the side effects of drowsiness, muscle weakness, and impairment while driving." Tr. 885-86. However, the ALJ explicitly considered her objections and found them

9

"not persuasive." Tr. 683. Wallace-Barnes also points to the report of her consultative physical exam with Dr. Kamal Mohiuddin, which notes her subjective complaint that "it is difficult for her to take the muscle relaxant during the day . . . due to drowsiness," as additional evidence that the ALJ's conclusion was based on a falsity. Doc. 9 at 11 (citing tr. 975). In discussing Dr. Mohiuddin's results, the ALJ found the doctor "relied too heavily on the claimant's subjective complaints, which are inconsistent with the lack of clinical exam findings." Tr. 684. Therefore, the instances where Wallace-Barnes may have raised complaints with the two consultative examiners were directly addressed by the ALJ.

The ALJ also based his determination on Wallace-Barnes' medical records since the first hearing which "do not document complaints of medication side effects." Tr. 679. As the Commissioner argues, other than the two disputed consultative examination reports, "all other medical records show Plaintiff did not allege medication side effects for her current medication." Doc. 10 at 6-7. The ALJ's reliance on the absence of complaints to medical providers in Wallace-Barnes'

10

treatment records is substantial evidence supporting his evaluation of her subjective complaints. Remand is, therefore, not warranted.

Wallace-Barnes also argues the ALJ failed to properly consider her evidence of excessive absenteeism and its impact on her ability to work. Doc. 9 at 12-15. As with her complaints of medication side effects, the ALJ also explicitly considered her complaints of excessive absenteeism. Tr. 679. He found them unsupported by the record. Wallace-Barnes argues there is evidence in the record to support her claims of excessive absenteeism, including her employment records. Doc. 9 at 15; *see also* doc. 12 at 6. That there may be some evidence in the record that supports Wallace-Barnes' argument is not enough. Indeed, even if the evidence in the record cited by Plaintiff could support a contrary conclusion, it would not compel a reversal of the ALJ's determination. *Adefemi*, 386 F.3d at 1027; *cf. Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion."). Remand on this issue is also not warranted.

## IV.  CONCLUSION

Because the ALJ's decision is supported by substantial evidence, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of September, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA