UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MISTY WALLACE-BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-087 |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R) of September 2, 2025, (doc. no. 15), to which Plaintiff has objected, (doc. no. 16). Plaintiff argues that the Commissioner's decision should be reversed and remanded because the ALJ's determination about her medication side effects was based on a misstatement of the record. (Doc. no. 16 at 1.) The Magistrate Judge considered this argument, noting Plaintiff "argues the ALJ improperly discounted her subjective complaints and testimony about the side effects of her medications based on incorrect facts." (Doc. no. 15 at 8.) The Magistrate Judge then reviewed the ALJ's discounting of those complaints and testimony, directly confronting the two consultative exams relied upon by Plaintiff. (Id. at 9-10.) After reviewing the ALJ's decision, and the medical records relied upon by Plaintiff, the Magistrate Judge recommended the Commissioner's final decision be affirmed because the ALJ's evaluation of Plaintiff's subjective complaints of medication side effects was supported by substantial evidence. (Id. at 9-11.) Plaintiff objects, disagreeing with the Magistrate Judge's conclusion that the ALJ appropriately supported his findings, and arguing the

R&R does not directly address the ALJ's "clear misstatement of the medical record." (See doc. no. 16.)

Plaintiff's objection focuses on two consultative examinations that she contends the ALJ misconstrued or misrepresented. (Doc. no. 16 at 2-4.) As for her examination with Dr. Corey, the Plaintiff argues the report submitted was incomplete, since it failed to accurately capture her complaints about her side effects. (Id. at 2.) Therefore, she submitted an affidavit to correct the record. (Id.) Both the ALJ and the Magistrate Judge directly addressed the affidavit. (See doc. no. 15 at 9-10.) The ALJ found the affidavit "not persuasive," (id. at 10), so his reliance on the report as submitted, after considering and rejecting Plaintiff's affidavit, is not reversible error.

The R&R also explains that the ALJ considered the report from the second consultative examination and found it relied too heavily on Plaintiff's subjective complaints. (Doc. no. 15 at 10.) Wallace-Barnes objects, arguing the Magistrate Judge misread the ALJ's decision. (Doc. no. 16 at 2.) However, the Magistrate Judge correctly observed that the ALJ directly considered the report from Dr. Mohiuddin's examination. (Doc. no. 15 at 10 (citing tr. 684).) The Magistrate Judge also correctly noted that the ALJ's decision was not based solely on the two consultative examinations. (Id.) Instead, his discounting of her subjective complaints about her medication side effects was based on the entire medical record since the first hearing, which, "other than the two disputed consultative examination reports, all . . . show Plaintiff did not allege medication side effects for her current medication." (Id. (internal citation and quotation omitted); see also id. at 6 (citing tr. 679).) In fact, contrary to Plaintiff's assertion, (doc. 16 at 2), the ALJ's determination that "medical records submitted since the prior hearing do not document complaints of medication side effects," is based, not on the challenged

2

consultative examination, but on a review of the medical records from Plaintiff's treatment providers. (See tr. 679 (citing tr. 904-73).) Therefore, after a careful review, the Court agrees with the Magistrate Judge's conclusion that the ALJ's reliance on the absence of complaints to medical providers in Wallace-Barnes' treatment records is substantial evidence supporting his evaluation of her subjective complaints. (Doc. no. 15 at 11.)

Plaintiff also objects to the Magistrate Judge's review of the ALJ's discussion of Plaintiff's allegations of excessive absenteeism. (Doc. no. 16 at 4.) The Magistrate Judge correctly noted that the ALJ considered the issue, but found that, other than Plaintiff's own allegations, there was not support in the record. (Doc. no. 15 at 11 (citing tr. 679.)) The Court agrees with the Magistrate Judge's conclusion that the Plaintiff's identification of evidence in the record, including her own testimony and her prior employment records, is insufficient to compel a reversal of the ALJ's determination. (Id.)

For the foregoing reasons, Plaintiff's objections are **OVERRULED**, (doc. no. 16), the R&R, (doc. no. 15), is **ADOPTED** as the Court's opinion in this case, and the Commissioner's final decision is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of September, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA